RE FERRES.

PATENTS; PATENTABILITY.

Re-enforcing the corners of a box made of corrugated or cellular paper board by tapes glued thereto, and re-enforcing the sides by strips of wooden veneer secured thereto by staples, does not show invention, all of such materials being well known in the paper box art, and the features of tapes and staples being shown in other patents.

No. 847.  Patent Appeal.  Submitted May 13, 1913.  Decided June 2, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents denying an application for a patent.   *Affirmed.*

The facts are stated in the opinion.

*Mr. Samuel E. Hibben* and *Mr. George W. Rea* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal by Jeffrey T. Ferres from a decision of

the Commissioner of Patents denying an application for a patent having the three following claims:

1. A box or box lid comprising the body portion A having the extensions B hinged thereto, said portion A and extensions B being made of double-faced corrugated paper board, and wood veneer strips secured to such extensions on the inner sides thereof.

2. A box or box lid comprising the body portion A having the extensions B hinged thereto, said portion A and extensions B being made of double-faced corrugated paper board, strengthening strips D secured to the inner sides of such extensions and made of different and stiffer material˙ than said board, and tapes C for holding the extensions together at their corners.

3. A box or box lid comprising the body portion A having the extensions B hinged thereto, said portion A and extensions B being made of double-faced corrugated paper board, tapes C for holding the extension together at their corners, wood veneer strips D secured to the inner sides of such extensions and staples "d" extending through said extensions and strips and in addition at the corners through the tapes.

As stated by the Commissioner: "The structure covered by the appealed claims is a box or cover for the same, consisting of a bottom having side pieces hinged thereto and folded up so as to form the sides of the box, the corners being reinforced by tapes glued thereto and the sides being reinforced by strips of wooden veneer, secured thereto by staples." The material of the box is known as corrugated or cellular paper board. Patentability was denied on references to a number of other patents, American and British.

The corrugated paper board is an old and well-known material used for boxes and protective wrappings. Ferres himself has a patent, issued April 15, 1902, for a shipping package consisting of a box made of heavy corrugated paper board, protected on the outside by wooden slabs forming a crate. Maunsell-Smyth has a patent, September 27, 1904, for boxes made of corrugated paper board, folded in a peculiar fashion. A patent to Forsyth, August 8, 1893, shows a box of stiff paper

cardboard, the sides of which are reinforced by strips of like material. Heston's patent, June 19, 1883, shows the box and box lid or cover with the corner adhesive tapes. The appli- cant's contention that there is a patentable difference between his wooden veneer strips used for reinforcing, and the card- board strips of Forsyth, used for the same purpose, was con- sidered by each tribunal of the Office and denied. The Primary Examiner said: "So far as invention is concerned, it is imma- terial whether these stiffening strips are of pasteboard, card- board or of wood veneer; all of these materials being well known in the paper box art, and the use of any one or all of them wherever desired involves nothing more than a mere selection or choice." We concur in this conclusion, and do not find it necessary to discuss the cases cited relating to invention claimed in a substitution of materials. Conceding that invention may be found in a new structure involving a readjustment of ma- terials by which new and useful results are obtained, or in the substitution of one material by another possessing an additional quality, which produces a new and useful result; yet the facts of this case do not call for the application of the principle. Grant that the Forsyth strips of cardboard are not so strong as the wood strips of the applicant, still they are intended to answer and do answer the same general purpose. While Forsyth's strips are of ordinary cardboard, it would not in- volve invention to substitute strips made of compressed paper, which latter may be of greater strength and resistance than wood. A box maker desiring to secure greater strength for his boxes might reinforce them with metal strips secured to the sides of the box in the same way; but the selection would not constitute invention. The selection of the one or the other material to answer a given purpose is a matter of choice, not invention. Claim 2 calls for the same construction, but the strips are not limited to wood veneer as in claim 1, calling in- stead for "different and stiffer material than said boards;" and adding thereto "tapes for holding the extensions together at the corners." The additional feature of the tapes is found in Heston's patent. The additional element of claim 3, namely,

securing the strips by means of staples, is shown in another patent, and is, moreover, nothing more than an ordinary mechanical contrivance. The combination of old elements produces no new or different result.

There was no error in refusing the patent, and the decision is affirmed. The decision will be certified to the Commissioner of Patents. *Affirmed.*